SMEDLEY *v.* MAUNEY.

Opinion delivered November 24, 1919.

SET-OFF—MAY BE PLEADED, WHEN—WHAT MAY BE SET-OFF—TIME OF ACQUISITION OF CLAIM.—The doctrine of set-off between a failing debtor and creditor is only applicable as to demands and counter-demands existing between them at the time of failure; it has reference to mutual accounts only, existing between the parties at that time; claims purchased or acquired after the failure of the insolvent can not be offset against a debt due said insolvent.

Appeal from Pike Chancery Court; *James D. Shaver,* Chancellor; reversed.

*W. S. Coblentz,* for appellant.

The overdraft of W. J. Mauney can not be offset by a deposit acquired by him after the insolvency of the bank. 3 R. C. L. 253; 21 L. R. A. 280, 647; 14 *Id.* 656.

*Langley & Johnson,* for appellees.

The set-off was properly allowed and there is no error. 98 Ark. 294.

HUMPHREYS, J. Appellees, sons and heirs of M. M. Mauney, deceased, who was a director and stockholder before his death in the Diamond State Bank in the town of Kimberly, brought suit against the appellants, all of whom were stockholders, and a part of whom were directors, in said bank, to recover out of the assets of the bank $150 paid by them on the indebtedness of said bank, alleging that said bank owned personal property out of which said indebtedness could be paid; also, alleging the necessity of a master to state an account, in order to determine the rights and equities of the several appellants. The prayer of the bill was for the appointment of a master, the sale of the property and a division of the proceeds thereof according to the respective rights and equities of the several parties.

A separate answer was filed by W. C. Rodgers, one of the appellants, denying that he was a stockholder in said bank at the time it failed, and, by way of cross-bill, claiming an indebtedness due him from the bank on ac-

count of a deposit in the sum of $115. Appellants, S. L. Smedley and W. M. Kizzia filed a joint answer and cross-complaint, consenting to a sale of the property, and alleging that at the time of the failure of the bank it owed S. L. Smedley $69, and W. M. Kizzia $71, on account of deposits; that, at the time of the failure of the bank, appellee, W. J. Mauney was indebted to the bank in the sum of $300 on account of an overdraft. The prayer of the cross-bill was that W. J. Mauney be required to pay the defunct bank his overdraft of $300.

W. J. Mauney admitted the overdraft, but claimed the right to an offset on account of owning a one-half interest in a deposit of $925 which the bank owed his father, M. M. Mauney at the time the bank failed.

The cause was submitted to the court upon the pleadings and the following agreed statement of facts: "The Diamond State Bank was insolvent at the time it closed its doors, April, 1913; that M. M. Mauney, the father of the plaintiffs, was one of the directors and defendants, Kizzia and Smedley, were depositors and directors; that M. M. Mauney and these defendants borrowed money to pay other depositors and that the plaintiff paid the balance of $150 and interest, making $181; that M. M. Mauney has since the time of the failure of the bank, died, and the plaintiffs were two of his heirs, and that they purchased the interest of the other heirs in M. M. Mauney's estate, and there was six heirs of M. M. Mauney; that at the time of the failure of the bank that defendant Kizzia had on deposit $71, and defendant Smedley had on deposit $69; that M. M. Mauney had on deposit $925.

"That the property asked to be sold in plaintiff's complaint sold for $200. That W. C. Rodgers has a valid claim of $115.

"That at the time of the failure of the bank, plaintiff W. J. Mauney had an overdraft with said bank of $300."

The court found that W. J. Mauney was entitled to offset his overdraft of $300 against his one-half interest in the $925 deposit of his father, which amount the bank

owed his father at the time it failed, and refused to give judgment against W. J. Mauney for the amount of $300 overdraft and interest thereon, less $77.57, on account of one-half of the proceeds from the sale of the assets of the bank, after paying the officers $44.85 as costs accumulated in the proceedings.

The only issue presented by the appeal is whether or not the court erred in permitting the overdraft of W. J. Mauney to be offset by the one-half interest in the deposit of $925, a part of which he inherited from his father, and a part of which he bought from the other heirs after the bank failed. The doctrine of set-off between a failing debtor and creditor is only applicable as to demands and counterdemands existing between them at the time of failure. It has reference to mutual accounts only, existing between the parties at that time. Claims purchased or acquired after the failure of the insolvent cannot be offset against a debt due said insolvent. 3 R. C. L., pp. 253 and 647; 14 R. C. L. 656; 21 L. R. A. 280.

On account of the error indicated, the decree is reversed and the cause remanded for decree in accordance with this opinion.